DAWKINS, J.
This is an action in damages for slander, alleged to have been occasioned through certain remarks and statements on the part of the defendant with reference to the business of the plaintiff as a butcher or proprietor of a public meat market: The petition alleges :
That the defendant “did on or about the said 28th day of January, 1918, at the place where said Demarco lives near Hammond, La., willfully, maliciously, and with malice aforethought, and with intent to injure petitioner, slander petitioner by stating to parties present that the meat purchased from petitioner on said date for human consumption was diseased and from diseased cattle and was not fit for human consumption.”
Plaintiff claims the sum of ,$5,000, $2,000 thereof being for loss of profits, $2,000 for causing “defendant” to be held in public contempt by those not familiar with the real facts, for punitive damages and mental suffering, and $1,000 for attorney’s fees in prosecuting this suit.
Defendant excepted on the ground that the petition disclosed no cause of action, which exception was referred to the merits. He then answered, admitting—
“That the said statement was made in the presence of Peter Valenti and Joe Kalvaggio, and that the said Joe Demarco threw the meat sold for human consumption to his dogs and stated that it was unfit for human consumption, and said statement was and is true, but specially denies the remaining portion of said article 11.”
There was judgment below in favor of plaintiff for the sum of $250, defendant has appealed, 'and plaintiff has answered said appeal, praying that the judgment be increased to the amount originally claimed.
Opinion.
[1, 2] The exception of no cause of action, we gather from the briefs and from the oral argument by defendant’s counsel, who alone argued the case, was leveled mainly at the self-evident clerical error in the petition, in which it was alleged that the “defendant” had been damaged as therein set forth. The petition shows plainly otherwise that the plaintiff was seeking damages in the amount claimed for slander of his business as a public butcher, and we cannot give sufficient weight to this apparent error to overcome the other positive allegations of the petition. It is true that some of the items of damages *617 claimed may not be recoverable in a civil suit for damages, but that portion, at least, which charges injury to the business and reputation of plaintiff as a public meat vendor was sufficient to render it immune from the exception.
On the Merits.
[3, 4] Having admitted using the language charged in the presence of two other persons, except that portion as to the diseased condition of the animal from which the meat came, defendant assumed the burden of' establishing his defense. This, we think, he has done. The evidence shows that the defendant sent to Hammond by Joe Valenti for some meat, and the latter, on his return, passing defendant’s place in his wagon, delivered the same wrapped up. After Valenti had gone, - defendant found that the meat was spoiled and threw it to his dogs. At that time he did not know even from whom it had come, and hence could have had no ill feeling or malice towards plaintiff, .who had really sold -it to Valenti, to actuate him in throwing it away. He did not learn until meeting Valenti at a later date that plaintiff had sold it, and he then informed him that the meat was bad and had evidently come from a “bad cow.” The evidence shows rather convincingly that about this time the plaintiff had purchased from another Italian at a reduced price a cow which was sick and suffering with a cough. The witness who slaughtered it testified that the throat lungs, etc., were “rotten,” smelled vile, and he had to throw the head, tongue, liver, etc., away; that he informed the party in charge of the plaintiff’s market of this fact when the carcass was delivered at the market, but, notwithstanding this fact, and the further fact that on account of the condition of the animal discovered in butchering it plaintiff obtained a reduction of ?5 in the price agreed to be paid to the party from whom it had been purchased, he sold it to the public from his market. The evidence does not establish conclusively that it was a portion of this meat which the defendant received, there being considerable mix-up in the testimony as to dates, but, taking all of the circumstances into consideration, we are convinced that it was. The defendant had been a butcher for several years, and he and other witnesses with similar experience testified that bad meat could be very readily detected by one with such experience. There is nothing in the record to show any basis for a willful “frame-up” on the part of defendant as to the condition of the meat; for, as stated he did not know from whom it came when it was delivered and thrown away.
These parties, plaintiff and defendant, as well as the principal witnesses, are related or connected^ by blood or marriage, and we are convinced that the whole matter is a family disagreement which should never have found its way into the courts.
Eor the reasons assigned, the judgment appealed from is annulled and reversed, and the plaintiff’s demands rejected at his costs in both courts.
O’NIELL, J., concurs in the decree on the ground that the exception of no cause of action should be sustained.